IN THE MATTER OF: C.K.C.B.
No. COA07-651
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
King Law Offices, PLLC, by Brian W. King, for Petitioner-Appellee Rutherford County Department of Social Services.
Kennedy Covington Lobdell & Hickman, L.L.P., by Seton B. Hunt, for Guardian ad Litem.
Don Willey for Respondent-Appellant.
STEPHENS, Judge.
Respondent-Mother appeals from order terminating her parental rights to her minor child, C.K.C.B. For the following reasons, we affirm.
The Rutherford County Department of Social Services ("DSS") took nonsecure custody of C.K.C.B. on or about 21 November 2001 as the result of Respondent's history of substance abuse and resulting improper care of the minor child. Custody of C.K.C.B. was ordered returned to Respondent on 24 September 2002. DSS again took nonsecure custody of C.K.C.B. on or about 27 May 2003 as a result of Respondent's leaving the child with an individual substantially impaired by alcohol. DSS later dismissed this matter, and C.K.C.B. was returned to Respondent.
DSS again took nonsecure custody of C.K.C.B. on or about 12 May 2005 based upon Respondent's inability to care for the minor child because of her substance abuse. By order filed 7 December 2005, the trial court adjudicated C.K.C.B. a neglected juvenile. The trial court found that Respondent admitted the allegations regarding neglect set forth in the petition filed by DSS and stipulated that C.K.C.B. was a neglected juvenile.
In June and July of 2005, DSS and Respondent entered into a case plan, which included random drug screens, completion of parenting classes, and completion of recommended treatment. On 26 June 2006, DSS filed a motion in the cause to terminate the parental rights of Respondent under N.C. Gen. Stat. § 7B-1111(a)(2) on the ground that she willfully left C.K.C.B. in foster care for more than twelve months without showing reasonable progress toward correcting the conditions that led to the removal of the child. On 9 November 2006, DSS filed an amended motion in the cause to change the name of the Social Services Director. Respondent answered on 15 November 2006.
The trial court held a hearing on the motion to terminate on 23 January 2007 and 7 March 2007. The trial court found that C.K.C.B. first came under the jurisdiction of the court in 2001; that DSS dismissed a matter involving Respondent's care and supervision of C.K.C.B. in 2003; and that C.K.C.B. has been in foster care since DSS took nonsecure custody of the child in 2005. The trial court also found that Respondent tested positive for cocaine and oxazepam in October of 2005; refused to undergo drug tests in January, March, and May of 2006; and did not make an appointment with her therapist until January of 2006. By order entered 20 March 2007, the trial court terminated Respondent's parental rights to C.K.C.B. pursuant to N.C. Gen. Stat. § 7B-1111(a)(2).
On appeal, Respondent contends the trial court lacked subject matter jurisdiction to terminate her parental rights because DSS failed to follow the service requirements of N.C. Gen. Stat. §§ 7B-1106.1 and 7B-1102. Section 7B-1106.1 states:
(a) Upon the filing of a motion pursuant to G.S. 7B-1102, the movant shall prepare a notice directed to . . .
(1) The parents of the juvenile.
N.C. Gen. Stat. § 7B-1106.1 (2005). In turn, Section 7B-1102 provides:
(b) A motion pursuant to subsection (a) of this section [to terminate parental rights] and the notice required by G.S. 7B-1106.1 shall be served in accordance with G.S. 1A-1, Rule 5(b), except:
(1) Service must be in accordance with G.S. 1A-1, Rule 4, if . . .
. . . .
c. Two years has elapsed since the date of the original action.
N.C. Gen. Stat. § 7B-1102 (2005).
Respondent asserts that the 2006 motion to terminate was filed more than two years after the original action, thus requiring service pursuant to the procedures set out in Rule 4. Respondent contends the November 2001 action, when DSS filed its first neglect petition and took nonsecure custody of C.K.C.B., is the "original action" for purposes of N.C. Gen. Stat. § 7B-1102. We disagree.
In In re P.L.P., 173 N.C. App. 1, 618 S.E.2d 241 (2005), the mother argued that a 2003 motion to terminate her parental rights was filed more than two years after the 1999 "original action" when P.L.P. first came under the jurisdiction of the juvenile court and, therefore, service under Rule 4 was required. This Court noted that the trial court ordered P.L.P. returned to the mother's custody in December 2000, and that DSS commenced another action under N.C. Gen. Stat. § 7B-405 in May of 2002 when DSS filed another neglect petition. This Court concluded that May 2002 was the date of the "original action" and thus service of the 2003 motion to terminate was adequate under Rule 5. Id.
Similarly, here DSS commenced an action in November 2001, but the trial court ordered custody of C.K.C.B. to be returned to Respondent in 2002. Another action was commenced and dismissed in 2003. DSS commenced this third action in May of 2005. Thus, the "original action" in this termination proceeding was commenced in May of 2005 when DSS filed a neglect petition and took nonsecure custody of C.K.C.B. Although the 2006 motion to terminate was filed more than two years after the first action in November 2001, it was filed only thirteen months after the "original action" in this case. As such, the service required by N.C. Gen. Stat. § 7B-1102 pursuant to Rule 4 was not triggered and service under Rule 5 was proper. Respondent's assignment of error is overruled. We note that the order entered 20 March 2007 from which Respondent appeals bears an incorrect file number. We remand to the trial court with instructions to change the incorrect file number "05 J 177 (T)" to the correct file number "01 JT 177."
AFFIRMED and REMANDED with instructions.
Judges CALABRIA and GEER concur.
Report per Rule 30(e).